**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 3:26 pm, May 03, 2019

SAMUEL L. LAIDLER,

              Plaintiff,

      v.

SGT. DILLAHUAT; MS. JACKSON; LT.
SHOEMAKER; SGT. FUGITT; and
OFFICER CAIN, all in their individual and
official capacities,

           Defendants.

CIVIL ACTION NO.: 6:19-cv-36

---

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a

42 U.S.C. § 1983 cause of action to contest certain conditions of his confinement.  Doc. 1.

Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.  For the reasons

which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's

Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment

of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its
intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir.
2011) (citations and internal quotations marks omitted).  A Magistrate Judge's Report and
Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec.
Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party
has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge
issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar
Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the report and recommendation
served as notice that claims would be *sua sponte* dismissed).  This Report and Recommendation
constitutes fair notice to Plaintiff that his suit is due to be dismissed.  As indicated below, Plaintiff will

## BACKGROUND

Plaintiff asserts Defendant Dillahuat informed Plaintiff that he was to put Plaintiff's hands behind his back and that Plaintiff was not to talk after Plaintiff was called out of his dorm for "education at second block movement."  Doc. 1 at 6.  When Plaintiff questioned when this became the rule, Defendant Jackson told Plaintiff her staff members did not have to explain anything to him or other inmates.  Plaintiff contends he was then taken to segregation and did not have any of his belongings, including a mattress for two days.  Id.

At some time later, Plaintiff avers Defendant Dillahuat saw Plaintiff was no longer in segregation.  Id. at 7.  According to Plaintiff, Defendant Dillahuat said she was going to issue a disciplinary report against Plaintiff to ensure he did not get out of segregation again.  Plaintiff contends Defendant Fugitt placed handcuffs on him and was going to escort him to segregation when Defendant Cain attacked Plaintiff, causing his face to hit the floor and breaking his tooth.  Id.  Plaintiff asserts Defendants Shoemaker, Fugitt, and Cain continued to knee him while he was in the medical unit.  Plaintiff also asserts Defendant Shoemaker picked him up by the handcuffs and threw him back onto the floor.  Id. at 7–8.  Plaintiff alleges he had to have stitches on his lip and that he was still experiencing pain in his wrists more than two weeks after these uses of force.  Id. at 8.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the

---

have the opportunity to present his objections to this finding, and the presiding district judge will conduct a de novo review of properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets

and shows an inability to pay the filing fee and includes a statement of the nature of the action

which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must

dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be

granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the

Court must review a complaint in which a prisoner seeks redress from a governmental entity.

Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is

guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.

See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things]

. . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed.

R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single

set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)

(quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court

must determine whether the complaint contains "sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.    Dismissal for Abuse of Judicial Process

The Complaint form asks whether Plaintiff has "filed other lawsuits . . . relating to the conditions of [his] imprisonment."  Doc. 1 at 14.  Plaintiff checked the "no" box in response to this question and marked the subsequent questions regarding a description of each previous suit as "N/A," or not applicable.  Id. at 15.  However, this Court's review of Plaintiff's litigation history reveals he has filed several cases relating to the conditions of his imprisonment: (1) Compl., Laidler v. Williams, 5:90-cv-71 (S.D. Ga. Mar. 16, 1990), ECF No. 2; (2) Compl.,

Laidler v. Bd. of Pardons & Parole, 1:91-cv-01991 (N.D. Ga. Aug. 21, 1991), ECF No. 1;

(3) Compl., Laidler v. Moore, 3:94-cv-20 (S.D. Ga. Mar. 21, 1994), ECF No. 3; (4) Compl.,

Laidler v. Humphry, 6:96-cv-83 (S.D. Ga. June 5, 1996), ECF No. 3; (5) Compl., Laidler v.

Simmons, 1:96-cv-203 (S.D. Ga. Dec. 6, 1996), ECF No. 4; (6) Compl., Laidler v. Jiminez, 6:98-

cv-53 (S.D. Ga. Apr. 15, 1998), ECF No. 2; and (7) Compl., Laidler v. Bd. of Pardons & Paroles,

1:04-cv-02602 (N.D. Ga. Sept. 3, 2004), ECF No. 1.[2]  Plaintiff failed to disclose any of these

previous filings.

 As previously stated, § 1915 requires a court to dismiss a prisoner's action if, at any time,

the court determines that it is frivolous, malicious, fails to state a claim, or seeks relief from an

immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff

engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915.

Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in

original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition,

Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal,

for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R.

Civ. P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's *pro*

*se* status will not excuse mistakes regarding procedural rules."  Id. at 226.

 Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently

upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous

lawsuits as required on the face of the §1983 complaint form.  See, e.g., Redmon, 414 F. App'x

at 226 (pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse

of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341

---

[2] Plaintiff's most recent previous filing was dismissed as being frivolous.  Order & J., Laidler v. Bd. of Pardons & Paroles, 1:04-cv-02602 (N.D. Ga. Nov. 2, 2004), ECF Nos. 3, 4.

(11th Cir. 2010) (same); <u>Young v. Sec'y Fla. for Dep't of Corr.</u>, 380 F. App'x 939, 941 (11th

Cir. 2010) (same); <u>Hood v. Tompkins</u>, 197 F. App'x 818, 819 (11th Cir. 2006) (same).  Even

where the prisoner has later provided an explanation for his lack of candor, the Court has

generally rejected the proffered reason as unpersuasive.  <u>See, e.g.</u>, <u>Redmon</u>, 414 F. App'x at 226

("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his

failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the

misrepresentation and that dismissal was a proper sanction."); <u>Shelton</u>, 406 F. App'x at 341

("Even if [the plaintiff] did not have access to his materials, he would have known that he filed

multiple previous lawsuits."); <u>Young</u>, 380 F. App'x at 941 (finding that not having documents

concerning prior litigation and not being able to pay for copies of same did not absolve prisoner

plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known

to him"); <u>Hood</u>, 197 F. App'x at 819 ("The objections were considered, but the district court was

correct to conclude that to allow [the plaintiff] to then acknowledge what he should have

disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as

follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity,
> nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts.
> Rather, the existence of prior litigation initiated by a prisoner is required in order
> for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to
> prisoners proceeding *in forma pauperis*).  Additionally, it has been the Court's
> experience that a significant number of prisoner filings raise claims or issues that
> have already been decided adversely to the prisoner in prior litigation. . . .
> Identification of prior litigation frequently enables the Court to dispose of
> successive cases without further expenditure of finite judicial resources.

<u>Brown v. Saintavil</u>, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5,

2014) (emphasis omitted).

Plaintiff misrepresented his litigation history in his Complaint.  The language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully.  Doc. 1 at 13–15. This Court will not tolerate such lack of candor, and consequently, the Court should **DISMISS without prejudice** this action for Plaintiff's failure to truthfully disclose his full litigation history, as required.[3]

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

---

[3]      The Court notes that, in some cases, a dismissal without prejudice can be tantamount to a dismissal with prejudice.  Jenkins v. Hutcheson, 708 F. App'x 647, 648 n.1 (11th Cir. 2018) (per curiam). However, it does not appear that Plaintiff's case presents such a situation.

[4]      A certificate of appealability is not required in this § 1983 action.

314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at \*1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  The Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon Plaintiff.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of May, 2019.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA