IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG 30 PM 1:42
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| SAMUEL L. LAIDLER,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. DILLAHUAT; MS. JACKSON; LT. SHOEMAKER; SGT. FUGITT; and OFFICER CAIN, all in their individual and official capacities,<br><br>    Defendants. | CIVIL ACTION NO.: 6:19-cv-36 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SAMUEL LAIDLER,<br><br>    Plaintiff,<br><br>v.<br><br>FNU SMART; FNU SHARPER; LT. SHOEMAKER; SGT. FUGITT; and OFFICER CAIN, all in their individual and official capacities,<br><br>    Defendants. | CIVIL ACTION NO.: 6:19-cv-76 |

## ORDER

These matters are before the Court on Plaintiff's 42 U.S.C. § 1983 Complaints in the above-captioned cases. Doc. 1, Doc. 1.[1] For the reasons which follow, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Number 6:19-cv-76 upon the record and docket of Case

---

[1] In citing to the dockets in these two cases, the Court references the filings in Case Number 6:19-cv-36 first and the filings in Case Number 6:19-cv-76 second.

Number 6:19-cv-36; **CONSOLIDATE** Case Number 6:19-cv-76 into Case Number 6:19-cv-36; **ADD** FNU Smart and FNU Sharper as named Defendants upon the record and docket of Case Number 6:19-cv-36; and **CLOSE** Case Number 6:19-cv-76 and enter the appropriate judgment of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 6:19-cv-76, Doc. 2. However, the Court previously granted Plaintiff leave to proceed *in forma pauperis* in Case Number 6:19-cv-36. Doc. 8. Plaintiff shall continue being able to proceed *in forma pauperis* in this consolidated action.

## BACKGROUND

On April 29, 2019, Plaintiff filed a § 1983 Complaint in Case Number 6:19-cv-36 and alleges he was taken to segregation and did not have any of his property, including his mattress, for two days. Doc. 1 at 6. Plaintiff contends Defendant Fugitt handcuffed him at a later date to escort Plaintiff back to segregation when Defendant Cain attacked Plaintiff, resulting in Plaintiff's face hitting the floor and breaking Plaintiff's tooth. Id. at 7. Plaintiff also contends Defendant Shoemaker, Fugitt, and Cain kneed him while he was in the medical unit, and Defendant Shoemaker picked Plaintiff up by the handcuffs and threw him back onto the floor. Id. at 7–8. Plaintiff alleges he had to have stitches in his lip and that he experienced pain in his wrists for more than two weeks after these uses of force. Id. at 8. Plaintiff names as Defendants Dillihuat, Jackson, Shoemaker, Fugitt, and Cain. Doc. 1. In his Objections to the Magistrate Judge's Report and Recommendation, Plaintiff notes these events occurred on April 4, 2019. Doc. 7 at 3.

On August 12, 2019, Plaintiff filed another § 1983 Complaint in Case Number 6:19-cv-76. Doc. 1. In this Complaint, Plaintiff sets forth allegations concerning events allegedly occurring on April 4, 2019. Doc. 1 at 6. Plaintiff maintains he was handcuffed to be taken to segregation, and his cuffs began to tighten. He asked Defendant Fugitt to loosen or undo the cuffs. Id. Plaintiff

2

alleges Defendant Smart pulled the leg irons from under his feet, and Defendants Cain and Fugitt "force [sic] Plaintiff to the floor real [sic] hard that cause [sic] Plaintiff lost [sic] half of Plaintiff tooth, buseing [sic] Plaintiff bottom lip that need stitches." Id. Plaintiff asserts Defendants Fugitt and Shoemaker kneed him in the back. Id. at 7.

## DISCUSSION

The Court notes a district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Plaintiff's filings appear to arise from the same set of facts. His Complaints involve allegations that he was subjected to excessive uses of force on the same day and was injured as a

3

result. Given this congruence, the benefits of consolidation far outweigh any prejudice to the parties. Accordingly, it will benefit judicial economy to place all of Plaintiff's claims against these Defendants in one case, Case Number 6:19-cv-36.

## CONCLUSION

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Number 6:19-cv-76 upon the record and docket of Case Number 6:19-cv-36; **CONSOLIDATE** Case Number 6:19-cv-76 into Case Number 6:19-cv-36; **ADD** FNU Smart and FNU Sharper as named Defendants upon the record and docket of Case Number 6:19-cv-36; and **CLOSE** Case Number 6:19-cv-76 and enter the appropriate judgment of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in Case Number 6:19-cv-76, Doc. 2. However, the Court previously granted Plaintiff leave to proceed *in forma pauperis* in Case Number 6:19-cv-36. Doc. 8. Plaintiff shall continue being able to proceed *in forma pauperis* in this consolidated action.

**SO ORDERED**, this 30th day of August, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA