IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUN -5 PM 3: 17

CLERK M. Clem
SO. DIST. OF GA.

| | |
|---|---|
| SAMUEL L. LAIDLER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-36 |
| v. | |
| SGT. DILLAHUAT; MS. JACKSON; LT. SHOEMAKER; SGT. FUGITT; and OFFICER CAIN, all on their individual and official capacities, | |
| Defendants. | |

## ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, doc. 5. The Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's action because he failed to faithfully disclose his litigation history. Id. at p. 4. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. Doc. 7. Plaintiff also filed a Motion to Compel Discovery, doc. 15, and two Motions for Entry of Default Judgment. Docs. 16, 19.

In his Objections, Plaintiff states he replied "no" to the question found on the Complaint form regarding the filing of other lawsuits dealing with the same facts involved in his current cause of action because his cause of action did not arise until April 4, 2019. Doc. 7, p. 3. Plaintiff's Objection misses the mark. The Magistrate Judge noted Plaintiff marked "no" in response to the Complaint form question relating to the filing of other lawsuits relating to the conditions of his confinement and marked the subsequent questions as not applicable. Doc. 5, p. 4. However, the Magistrate Judge also noted Plaintiff had filed "several cases relating to the conditions of his

confinement[,]" and the Magistrate Judge listed seven cases Plaintiff filed previously and which he failed to disclose. Id. at pp. 4–5.

Plaintiff's attempt to excuse what he previously failed to disclose cannot "serve to overlook [Plaintiff's] abuse of the judicial process." Hood v. Tompkins, 179 F. App'x 818, 819 (11th Cir. 2006). As the Magistrate Judge noted, "The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully." Doc. 5, p. 7. What is more, the Eleventh Circuit Court of Appeals has upheld dismissal of cases where a pro se, prisoner-plaintiff failed to disclose previous lawsuits, as required on the face of the 42 U.S.C. § 1983 form. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (finding pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process, which resulted in dismissal as a sanction).

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.[1] The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal. Because Plaintiff's action is dismissed, the Court **DENIES as moot** Plaintiff's remaining Motions. Docs. 15, 16, 19.

**SO ORDERED**, this 5th day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff's remaining Objections are not responsive to the Magistrate Judge's Report and Recommendation. Doc. 7. Instead, Plaintiff argues that he sets forth non-frivolous claims against Defendants. Id. The Magistrate Judge offered no opinion as to the relative merits of Plaintiff's claims and recommended dismissing Plaintiff's Complaint without prejudice, doc. 5, meaning Plaintiff can file another complaint in this Court relating to the events he complains of in this case, should he choose to do so.